STATE of Missouri, Respondent,

v.

Raymond BALDWIN, Appellant.

No. 51439.

Supreme Court of Missouri, Division No. 1.

Feb. 14, 1966.

Norman H. Anderson, Atty. Gen., Jefferson City, Gene B. Rosen, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Pinnell & Monroe, by W. H. Pinnell, Monett, for appellant.

HOUSER, Commissioner.

Defendant Raymond Baldwin, convicted by a jury of burglary and stealing and sentenced to the penitentiary, has appealed, raising only one point: error in the admission of certain testimony relating to a rifle, one of the articles allegedly stolen.

A brief résumé of the state's evidence follows:

Joe Landreth, manager of a lumberyard at Purdy, testified that he owned a .22 calibre Western Field rifle and a television set, both of which were behind the counter in the lumber company office building on the night of September 30, 1963 when the office was closed at the end of the business day. The next morning, October 1, the television set and rifle were missing. There were marks on the office door, which had been pried open. Mr. Landreth identified the rifle produced in court, State's Exhibit No. 2, as property of his in the building on on the night of September 30, 1963. De-

fendant's counsel, referring to State's Exhibit No. 2, admitted in open court that "this is Mr. Landreth's rifle and also his television set."

Lorene Owens testified that defendant, defendant's brother Jim and she drove to Purdy the evening of September 30, 1963; drove around town and parked by the railroad track at a place where there were no lights. She stayed in the car. The two men walked down the railroad track. They were gone quite a while. When they returned they got in the car, drove around to a place where a television set and a rifle were "setting in the weeds," and loaded the set and the rifle in the back seat of the car. Jim said "I have got you a television." The men agreed that Jim should take the television set and Raymond should take the rifle. Jim took the television set to Lorene's apartment in Springfield. Later Raymond told Lorene that he had taken the rifle to his brother's, referring to Donald Baldwin. Defendant made no objection to the testimony that he had taken the rifle to Donald's.

The next witness, a police officer, in relating how he came into possession of the rifle, stated that he went to the home of Donald Baldwin and knocked on the door; that Donald opened the door,

"* * * and at that time I told him—

"Mr. Pinnell: I object to that, Your Honor, what he said to him.

"The Court: Objection overruled.

"A. At that time I told him, Donald F. Baldwin, that I wanted the rifle which Raymond Baldwin had left with him.

"Mr. Pinnell: Your Honor, I object again. That has not been admissible as to what this officer told some third person outside of the presence of this defendant. That is highly prejudicial.

"The Court: Well, the objection will be overruled.

"A. Donald Baldwin—

"Q. You get back on the track again. You say you asked Donald F. Baldwin for the rifle that Raymond Baldwin had left there, is that correct?

"A. That is right. I told him I wanted it.

"Q. Go ahead.

"A. And Donald F. Baldwin said, 'O.K.; come on in.' And I walked into the house behind him, and Donald F. Baldwin went directly to a closet in the house and took this rifle out of the closet and turned it over to me. At that time, I asked him if he had bought this rifle or had knowledge of it being stolen, and he said 'No,' that Raymond wanted to leave it with him for a while.

"Mr. Pinnell: I object to that, and move for a mistrial at this time.

"The Court: That last remark will be stricken, and the jury will disregard it. The motion for mistrial will be overruled."

There was further evidence that defendant was not present at the home of his brother Donald at the time this occurred.

The officer turned the rifle over to the sheriff. State's Exhibit No. 2 was identified by the sheriff as the rifle received from the police officer.

A preliminary examination of the police officer outside the hearing of the jury was conducted prior to the introduction of the testimony above quoted. At the conclusion of that hearing the court overruled defendant's objection to the admission of this testimony on the ground that it would not show any connection with the defendant; would not show that defendant placed the rifle in his brother Donald's home and would be prejudicial. On appeal the objection is that a statement made in the absence of one accused of crime is incompetent and inadmissible as hearsay testimony; that *the officer's statement about the gun being left with Donald* was a conclusion on the part of the officer, which prejudiced defendant—that once the officer was permitted to make the statement the jury must have been convinced that the gun was stolen, that it had been stolen by defendant and that defendant had placed the gun in his brother's house.

Appellant's objection on the ground of hearsay is directed at the testimony of the officer that he stated to Donald that he wanted the rifle which Raymond had left with him. The objection is not to the testimony of the officer that *Donald, in response to the statement and suggestion of the officer* that he wanted the rifle that Raymond left with Donald, *produced a rifle and turned it over to the officer.* Technically speaking it is the combination of the two—the provocative statement of the officer containing the accusatory statement, followed up by the act of Donald (producing the rifle) as a result of the stimulus of the statement—that constituted hearsay evidence of the fact that Raymond had left the rifle with Donald. Donald's act, provoked by the officer's statement, constituted an unsworn out-of-court declaration by Donald of the truth of the fact that Raymond left the rifle with Donald. Assuming for the purpose of this appeal that defendant's objection on the ground of hearsay is directed not only at the officer's statement but also at Donald's act in response thereto, the admission of this hearsay evidence constituted harmless error under the doctrine of curative admissibility. The state's second witness, Lorene Owens, testified that Raymond stated to her that he left the rifle with his brother Donald. Her sworn testimony to this effect came in without objection. This fact was not controverted by the testimony of any witness. This fact having been amply supplied and otherwise shown by the witness Owens, defendant was not harmed by the subsequent admission of evidence of the same fact given by the officer and Don-

ald. "The admission of hearsay evidence is not prejudicial * * * where the matter as to which the hearsay evidence was admitted * * * was admitted, or not disputed, by accused, or was established by other evidence which was competent or was admitted without objection, contradiction, or controversion." 24B C.J.S. Criminal Law § 1915(16). In State v. Hall, Mo.Sup., 231 S.W. 1001, 1004 [5] "A witness was permitted to state that Martin Hall told him the gun, a .22 Winchester rifle, which the evidence indicated was at the place where Martin Hall and Floyd Hall lived, was Martin Hall's gun. This was objected to because hearsay. It had been otherwise shown that Martin Hall had a gun which the evidence tends to show was kept at the place where his sister, Mrs. Alloyd, and the defendant lived, so that the defendant was not harmed by the introduction of the testimony." The same principle was adverted to in State v. Pollnow, Mo.Sup., 14 S.W.2d 574, 575 [3]: "Appellant complains of hearsay testimony admitted on behalf of the state over his objection. The police officer was permitted to say what Peikert said to him in relation to Mills bringing in the machines and explaining how they worked. This same evidence was sworn to by Peikert himself. He testified that Mills brought in the machine and explained how it worked. Other tests were made by the officers, to show how the machine worked; so that evidence was amply supplied in any event. * * *"

An examination of the record as required by Criminal Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.