Wilburn Jerome **GERBERDING,**
Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

No. 54563.

Supreme Court of Missouri,
Division No. 2.

Jan. 12, 1970.

Robert G. Duncan, Lewis E. Pierce, Pierce, Duncan & Hill, Kansas City, for movant-appellant.

John C. Danforth, Atty. Gen., Peter H. Ruger, Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

Appellant was convicted by the verdict of a jury of robbery in the first degree which occurred November 29, 1951, and his sentence was by the jury assessed at life imprisonment. His conviction was affirmed by this court, State v. Gerberding, Mo., 272 S.W.2d 230. Appellant now seeks relief under Supreme Court Rule 27.26, V.A.M.R., to set aside and vacate his life sentence and have a new trial upon grounds (1) that he was "denied his constitutional right to counsel through the introduction during his original trial of evidence of a prior conviction which was void because he had not been represented by counsel" (citing and relying upon Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319); and (2) that during his trial he "was denied his constitutional right to not self-incriminate himself by the prosecutor's comment during voir dire amounting to a comment upon his failure to testify."

An evidentiary hearing was had in the trial court, findings were made and an order was made denying appellant his requested relief.

The transcript of the record on original appeal shows the following: The indictment by the Grand Jury alleged that appellant was, on September 29, 1936, duly convicted of the offense of burglary and larceny in the Circuit Court of Randolph County, Illinois, and was sentenced to the Illinois penitentiary for a term of not less than one year nor more than life, was imprisoned in accordance with the sentence and duly discharged. Two other felony convictions were alleged; one for armed robbery in Illinois, with a sentence of one to twenty years on November 25, 1940, and one for larceny of an automobile in Georgia on October 25, 1949, with a term of from one to five years imprisonment. Records of these three former convictions were admitted into evidence at the trial. State's Exhibit 30 related to the 1936 prior conviction. Under the then Habitual Criminal Act, § 556.280, R.S.Mo. 1949, V.A.M.S., the jury was instructed that in addition to the offense of robbery in the first degree the indictment charged that appellant had been convicted of felonies and sentenced therefor, and the jury was required to find, beyond a reasonable doubt, that appellant had been formerly convicted of *a felony or felonies* and was sentenced therefor. The jury was further instructed that the fact of

former convictions would have no bearing upon the robbery in the first degree charge, but was to be considered only as bearing upon the question of the amount of punishment if the jury found him guilty of the present indictment charge of robbery committed on November 29, 1951. Other than the evidence of prior convictions, and the instructions to the jury, there was no further reference to such prior convictions. The matter was not commented upon in the voir dire examination of the jury, and according to the original trial record there were no arguments made by either counsel at the close of the case. By its verdict the jury found appellant guilty of robbery and that he had *a prior felony conviction.*

On the present hearing appellant testified that he was eighteen years of age and had an eighth grade education when he entered his plea of guilty to the 1936 burglary and larceny charge in Randolph County, Illinois. He was not then represented by counsel, and did not have an opportunity to converse with or counsel with some lawyer prior to entering the guilty plea. No one advised him of his right to have an attorney, and he did not waive such right. In the September 23, 1940 robbery proceedings, appellant conceded that he was represented by attorney Fletcher Lewis, and appellant pleaded guilty to that offense: "He was there with me. We were going to trial, and he advised me to plead guilty." In the Georgia case appellant was represented by attorney Goodwin, trial was to a jury with counsel present, and the result was a conviction of the charge of larceny of an automobile.

A certified copy of the 1936 judgment of conviction and the sentence was admitted into evidence at this hearing. It shows on its face that appellant appeared in person with no counsel when he entered his plea of guilty on September 29, 1936, in the Circuit Court of Randolph County, Illinois. On the hearing below the state introduced no evidence tending to show that appellant had waived his right to counsel prior to the 1936 Illinois guilty plea.

In this trial, which began February 2, 1953, more than fourteen years prior to the November 13, 1967 decision of Burgett v. Texas, the record shows as it was decided upon appeal (272 S.W.2d 232, 233) that there is no question of appellant's guilt. The factual situation with respect to the evidence of prior convictions differs greatly from that in Burgett. There the documentary records of Tennessee convictions were inconsistent or equivocal as to whether there was counsel present in a prior Tennessee case. An objection to a Texas record of conviction was sustained, as was a portion of the Tennessee record which recited that defendant appeared without counsel. The court instructed the jury not to consider the prior offenses for any purpose whatsoever in arriving at a verdict. Here there was no objection upon any constitutional ground to the admission of State's Exhibit 30, the record of the 1936 Illinois conviction. Undoubtedly, that conviction, standing alone, under the Burgett case, as the evidence in the present hearing tended to show, would be an insufficient basis for the jury to enhance the assessment of punishment. However, under the 1949 Second Offender Act, § 556.280, supra, only *one* conviction need be proved to authorize the jury to enhance the punishment. See State v. Romprey, Mo., 339 S.W.2d 746, 753; State v. Garrison, Mo., 305 S.W.2d 447, 452; State v. King, Mo., 380 S.W.2d 370, 374 [7]. The *ultimate fact* to be established was the existence of *one* prior felony conviction. If, under the statute in this state, State's Exhibit 30 was improperly admitted into evidence because there was no counsel provided, nor any effective waiver of the right to counsel, that error was not prejudicial to appellant because it was merely cumulative of other evidence of prior felony convictions now concededly without constitutional taint, and sufficient in that respect to establish at least *one* prior felony conviction as the jury found in its verdict. "A judgment and sentence is not invalid although based in part on a prior conviction which could not properly be considered for the purpose of enhancing pun-

ishment where the other prior convictions were of themselves sufficient to support the judgment and sentence." 24B C.J.S. Criminal Law § 1971, p. 527. In Ex parte Brown, 145 Tex.Cr.R. 39, 165 S.W.2d 718, 719, the proceedings were in habeas corpus by which relator sought to be discharged from confinement in the state penitentiary. By his second contention, relator set out, "The sentence and the judgment are void for the reason that one of the previous convictions assigned was a conviction for robbery by firearms, which is a capital offense; and the habitual criminal statute applies only to previous convictions for felonies less than capital." The court disposed of that contention, 165 S.W.2d loc. cit. 720 [8, 9], "It will be noted, however, that the indictment assigns, not merely two previous convictions, but three. Two of the three previous convictions assigned were for felonies less than capital, to-wit: burglary and felony theft. *A finding by the jury that the relator was previously convicted of these two offenses, without a consideration of the charge that he was previously convicted of robbery with firearms, would sustain the judgment of the court fixing the punishment at life in the penitentiary."* (Emphasis supplied.) In Pennsylvania and in Kansas it is the function of the judge to find the prior convictions of felonies and to enhance the punishment if so found, yet it is nonetheless a fact-finding process and the finding must be supported by competent, sufficient evidence. (Thus, if a judge, functioning as the finder of the fact, erroneously considers totally incompetent or insufficient evidence of prior felony convictions, the sentence under a Second Offender Act cannot stand.) In Plasters v. Hoffman, 180 Kan. 559, 305 P.2d 858, on a plea of guilty, the court had evidence of four prior felony convictions. In habeas corpus proceedings defendant claimed that one judgment of conviction was invalid because he was not represented by counsel and was only eighteen years of age when it was rendered. The court said, loc. cit. 305 P.2d 860 [7]: "From what has been heretofore related it

becomes apparent that on the date of the judgment sentencing petitioner to life imprisonment the trial court had evidence before it of three prior valid convictions of felony, even without the Miami County judgment." It was held that under the statute and Kansas decisions, two such prior convictions were enough to sustain the judgment. In Commonwealth ex rel. Firmstone v. Meyers, 6 Lycoming 2, affirmed 184 Pa.Super. 1, 132 A.2d 707 (cert. den. 355 U.S. 962, 78 S.Ct. 550, 2 L.Ed.2d 537) (under the Pennsylvania Second and Subsequent Offense Statute, 18 P.S. § 5108, wherein the judge may enhance the punishment), it was said, "He was convicted of attempted burglary in 1949; and of entering a building with intent to steal, in 1951; and of robbery; and also of burglary in the same year. Cf. Com. ex rel. Firmstone v. Burke, 175 Pa.Super. 128, and especially note 2 at pages 132, 133, 103 A.2d 476. Convictions on all these charges exclusive of the 1942 felonies to which he pleaded guilty, were sufficient upon which to base a life sentence under the Pennsylvania Habitual Criminal Act, supra." (132 A.2d 708.)

■ The matter of the sufficiency of the evidence to support a finding of a prior conviction for the purpose of enhancing the punishment is collateral to the main offense charged. It is a situation dissimilar to that where there is received into evidence an unconstitutional confession which cannot be cured by other evidence of guilt. See 29 Am.Jur.2d Evidence, § 590, p. 647; Payne v. Arkansas, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975. Of course, there must be an inquiry "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171, 173. In the Burgett case, supra, there was no legally admissible evidence which the jury should have considered as to prior convictions, and it was deemed by the Supreme Court that the trial court's instruction on

the subject was insufficient to remove the inherently prejudicial effect of the evidence which theretofore had been admitted. In this case, since there was a submissible case made of appellant's guilt of the 1951 armed robbery, and there was no undue emphasis of any prior convictions made to the jury (the distinguishable factual situation in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, was that there was an instruction upon, and numerous prosecutor's references to, the defendant's failure to testify), this court is "able to declare a belief that it was harmless beyond a reasonable doubt." Chapman, supra, 386 U.S. loc. cit. 24, 87 S.Ct. loc. cit. 828, loc. cit. 17 L.Ed.2d 711. Compare State v. Hinojosa, Mo., 242 S.W.2d 1, 8 [15], where a physician's opinion testimony (if erroneously admitted) of defendant's intoxication was merely cumulative of overwhelming evidence on the subject "as to make it certain that no prejudice could possibly have resulted to defendant"; State v. Vidauri, Mo., 293 S.W.2d 955, where remarks by a witness that "we had his name as being a participant" were held to be cumulative of other direct evidence implicating defendant in the murder, held not to be prejudicial. See also State v. Daegele, Mo., 302 S.W.2d 20; State v. Menard, Mo., 331 S.W.2d 521; State v. Baldwin, Mo., 399 S.W.2d 22; and generally, 24B C.J.S. Criminal Law § 1915 (5), p. 67.

To be distinguished is State v. St. Clair, Mo., 261 S.W.2d 75. In that case there were two valid prior convictions in Missouri, but admitted into evidence also were two prior convictions in Arizona and two in Texas. These latter four convictions were insufficient (under the then existing requirements) in that they did not show a discharge upon a pardon or compliance with sentences. The court's instructions required the jury to find *all* six charged prior convictions, and the jury found *six* prior convictions, a matter, as held, influencing the determination of guilt which was correctable on direct appeal. Here, as noted,

the jury was instructed merely that the indictment charged that appellant had been convicted of felonies, that the jury could find that he had been convicted of a felony or felonies, and the jury found that he had been convicted of *a* felony. Appellant's cited case of Williams v. Coiner (C.A. 4th 1968), 392 F.2d 210, 212, may also be distinguished. There the petitioner sought relief from a sentence of life imprisonment based upon two prior convictions claimed to have been obtained while he was without counsel. The West Virginia statute required *two* prior convictions to support enhancement of punishment. If either or both of the prior convictions were invalid the sentence would have been void, and thus is explained the court's statement that "if a petitioner was not informed of his right to counsel at one or more of the convictions underlying a recidivist sentence, or if the records of those convictions are silent as to counsel, then the habitual offender conviction is null and void." The Williams case had no issue of the sufficiency of other evidence to make applicable a recidivist statute, nor did Losieau v. Sigler (C.A. 8th 1969), 406 F.2d 795, also cited by appellant. The original appeal from the denial of appellant's motion without an evidentiary hearing (Gerberding v. State, Mo., 433 S. W.2d 820) had in it no clear issue of other valid prior convictions as supporting the enhanced punishment. There was no alternative than to remand the case to determine the validity of the 1936 conviction, and if after hearing it had been found that appellant in fact then had counsel (which was the purpose of the remand) such would have disposed of the motion.

■ Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453, held that the rule against adverse comment by a prosecutor upon a defendant's failure to testify in state criminal trials, as announced April 28, 1965 in Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, is not retroactive beyond the date of the latter decision. Appellant's

case was tried in 1953. His second claim of error must be denied.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

DONNELLY, P. J., MORGAN, J., and YEAMAN, Special Judge, concur.

FINCH, J., not sitting.