**Forrest S. TUCKER, Appellant,**

v.

**Walter E. CRAVEN, Warden, Folsom State Prison, Appellee.**

**No. 23478.**

United States Court of Appeals Ninth Circuit.

Jan. 28, 1970.

Rehearing Denied March 19, 1970.

Forrest S. Tucker, in pro. per.

Thomas Lynch, Atty. Gen. State of California, Sacramento, Cal., for appellee.

Before BARNES, CARTER and HUFSTEDLER, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

Appellant appeals from an order of the district court denying his petition for writ of habeas corpus. In his briefs, he challenges two convictions, each involving various counts of robbery, resulting from prosecutions in the California state court in Alameda County, in cases Nos. 25174 and 25175. He makes two contentions, both raised below. The same contentions had been previously raised and decided adversely to him in the state courts. The contentions are:

1. The jury in case No. 25174 was improperly informed of appellant's constitutionally invalid state convictions in Florida and Louisiana; and

2. The district court erred in failing to consider other constitutional errors, particularly the adequacy of representation by trial counsel. The district court held these matters involved only state law and were not cognizable in a federal habeas corpus proceeding.

After the briefs were filed, petitioner wrote the Court and abandoned his contentions as to the convictions growing out of case No. 25175 with the result that only the convictions under case No. 25174 are before us.

The indictment in case No. 25174 charged various counts of robbery and two prior felony convictions, grand lar

ceny in Florida, and burglary in Louisiana. Appellant denied the two priors and entered a plea of not guilty to the robbery charges. A jury heard the evidence on both the issue of guilt and the validity of the two priors. They found against appellant on both issues. Petitioner was then held to be an habitual criminal within the meaning of California Penal Code 644(a). Sentence was entered accordingly.

Various procedings were thereafter had in the state and federal courts. Finally in case of In re Tucker, 64 Cal.2d 15, 48 Cal.Rptr. 697, 409 P.2d 921 (1966) the California Supreme Court granted a writ "insofar as relief is sought from the prior determination of habitual criminality, and the Superior Court of Alameda County is directed to redetermine petitioner's status as an habitual criminal in further proceedings in accordance with the views expressed herein." [page 21, 48 Cal.Rptr. page 701, 409 P.2d page 925]. The Alameda Superior Court, after an evidentiary hearing, found that as to the two prior convictions charged in the indictment "the defendant was neither advised of his right to legal assistance nor did he intelligently and understandingly waive this right to the assistance of counsel." The two prior convictions were ordered stricken from indictment, that part of the verdict finding the first and second convictions to be true was set aside and the determination of habitual criminality was set aside.

Appellant contends that the introduction of the invalid priors tainted the jury's determination of his guilt as to the four robbery counts. He cites Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L. Ed.2d 319 (1967) as controlling authority for his position. The State of California takes the position that appellant has received all the relief to which he is entitled. It bases its argument on Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), a case allowing the use of prior conviction under a Texas recidivist statute.

A reading of the two cases convinces us that Tucker's claim for relief is governed by Burgett v. Texas, supra. There the Supreme Court held:

"To permit a conviction obtained in violation of Gideon v. Wainwright [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799], to be used against a person either to support guilt or enhance punishment for another offense * * * is to erode the principle of that case. * * The admission of a prior criminal conviction which is constitutionally infirm under the standards of Gideon v. Wainwright, is inherently prejudicial and we are unable to say that the instructions to disregard it made the constitutional error 'harmless beyond a reasonable doubt' within the meaning of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705." [page 115, 88 S.Ct. page 262].

Burgett went on to observe that Spencer v. Texas, supra, "is not relevant to our present problem." In Spencer the "prior convictions were not presumptively void.", Burgett, page 115, 88 S.Ct. page 262, since no specific federal right had been violated in securing the prior convictions. In sharp contrast Burgett and the case at bar involved a violation of one of the most well-defined of federal rights, the right to counsel.

The judgment of the district court must be reversed and the matter remanded to enable that court to fashion procedures to be followed below. The finding of the State court that appellant was without counsel at the time of his conviction on the two prior felonies disposes of that issue. The district court may desire to conditionally grant the writ, that is, provide that a writ will be granted unless the State within a reasonable time, to be fixed by the district court, sets aside the verdict and sentence in No. 25174 and either grants the appellant a new trial on those charges or dismisses the indictment.

Our disposition of the case makes it unnecessary to consider appellant's second contention.

Reversed and remanded.