

Andrew Owens, in pro. per.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, Ariz., for appellee.

Before BARNES, ELY, and KILKENNY, Circuit Judges.

PER CURIAM:

Owens is an Arizona state prisoner. He appeals from an order denying his application for habeas corpus relief.

After his first state court trial resulted in jury disagreement and a mistrial, Owens was again tried for the charged offense, robbery, and, this time, convicted. At the second trial the state introduced, over objection, the reporter's transcript of the testimony of a witness who had testified for the prosecution during the first trial. Owens contends that this violated his Sixth and Fourteenth Amendment rights of confrontation and cross-examination.

When an unavailable witness has given testimony at previous judicial proceedings against the same defendant and was subject to cross-examination by that defendant, the introduction of that previously recorded testimony does not violate the confrontation requirement, provided "the prosecutorial authorities have made a good-faith effort to obtain [the

witness'] presence at trial." Barber v. Page, 390 U.S. 719, 725, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255 (1968).

Here the District Court found, on an undisputed state court record, that the state had made a good-faith effort to locate the missing witness for production at the second trial. We are not persuaded that we should disturb that finding.

 The facts surrounding the search for the absent witness were summarized by the Arizona Supreme Court in its affirmance of Owens' direct appeal. State v. Owens, 103 Ariz. 541, 447 P.2d 233 (1968). The District Court was not required to hold an evidentiary hearing because Owens' petition presented no factual dispute not already fully and fairly resolved in the Arizona courts. Townsend v. Sain, 372 U.S. 293, 309–313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Rainsberger v. Fogliani, 380 F.2d 783, 785 (9th Cir. 1967).

Affirmed.

Dewey L. COBB, Petitioner-Appellant,

v.

Charles J. HUGHES, Warden, Federal Correctional Institution, Seagoville, Texas, Respondent-Appellee.

No. 29479

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 27, 1970.

York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Dewey L. Cobb, pro se.

Eldon B. Mahon, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., for respondent-appellant.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**John A. HYLER, Plaintiffs-Appellants,**

**v.**

**REYNOLDS METAL COMPANY, a corporation, et al., Defendants-Appellees.**

**No. 29931**

**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

Nov. 23, 1970.

Orzell Billingsley, Jr., Birmingham, Ala., Nathaniel Jones, New York City, for plaintiffs-appellants.

Clarence F. Rhea, Gadsden, Ala., H. T. Heflin, Tuscumbia, Ala., Cooper, Mitch & Crawford, Jerome A. Cooper, Thomas, Taliaferro, Forman, Burr & Murray, J. R. Forman, Jr., S. H. Burr, Birmingham, Ala., for defendants-appellees.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Appellants complain of error by the district court in the dismissal of their action because of the failure of appellants' attorneys to appear at a pretrial hearing on February 17, 1970.

A perusal of the record indicates that the district court had previously denied a motion to dismiss on May 19, 1969, by requiring appellants to amend their complaint by "defining clearly and with particularity the class which they seek to represent in the action within thirty days". Over a period of approximately nine months, and without apparent excuse, appellants failed to amend their complaint as directed by the district

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.