Wilburn Jerome **GERBERDING,**
Appellee,

v.

Harold R. **SWENSON, Warden,**
Appellant.

No. 20311.

United States Court of Appeals,
Eighth Circuit.

Dec. 7, 1970.

---

John C. Danforth, Atty. Gen., and Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, Mo., filed brief for appellant.

Robert G. Duncan and Lewis E. Pierce, Kansas City, Mo., filed brief for appellee.

Before GIBSON and LAY, Circuit Judges, and HUNTER, District Judge.

GIBSON, Circuit Judge.

The appellee Wilburn Jerome Gerberding was granted a writ of habeas corpus by the District Court of the Western District of Missouri relieving him of a life sentence imposed under the Missouri Second Offender Act.[1] The State has appealed, claiming the sentence under attack is valid. The question presented for review is whether a conviction obtained in a one-stage penalty enhancement trial is constitutionally infirm, where one of three prior felony convictions admitted on the enhancement issue was retroactively invalid for lack of counsel, and where only one prior felony conviction is necessary to support enhancement of punishment under the Second Offender Act in question.

Gerberding was indicted on February 1, 1952, in St. Louis, Missouri, for rob-

bery in the first degree with a notation that the Missouri Second Offender Act was applicable, since he had previously been convicted of three felonies. The Second Offender Act applicable at that time, R.S.Mo. § 556.280 (1949), provided that when any person convicted of an offense punishable by imprisonment in the penitentiary was subsequently convicted of any felony offense, he would be punished by the maximum provided for that offense. At Gerberding's trial, commenced on February 2, 1953, the State introduced evidence that Gerberding had been convicted of three felonies: (1) burglary and larceny in Illinois on September 28, 1936; (2) robbery in Illinois on November 24, 1940; (3) larceny of an automobile in Georgia on October 25, 1945; and further that he had been imprisoned and subsequently discharged on all of the above sentences (a necessary requisite for imposing enhanced penalties under the Second Offender Act). Gerberding was found guilty by a jury and sentenced to life imprisonment. This conviction was affirmed on appeal. State v. Gerberding, 272 S.W.2d 230 (Mo. 1954).

On February 9, 1968, Gerberding filed a motion to vacate this judgment and sentence pursuant to Missouri Supreme Court Rule 27.26, V.A.M.R., providing for post-conviction review. The trial court, upon remand from the Missouri Supreme Court directing an evidentiary hearing, overruled the motion to vacate on February 14, 1969; denial of that motion was affirmed by the Missouri Supreme Court on January 12, 1970. Gerberding v. State, 448 S.W.2d 904 (Mo.1970). Gerberding then on February 27, 1970, sought relief from the United States District Court for the Western District of Missouri.

It is uncontested at this stage of the post-conviction proceedings that Gerberding's conviction for burglary and larceny in 1936 was based on a plea of guilty made without representation by counsel.

1. The issuance of the writ was stayed pending possible retrial of the 1951 offense of armed robbery.

Gerberding was 18 years of age at that time and there is no contention that he waived his right to counsel. The District Court, on the basis of Burgett. v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), and Beto v. Stacks, 408 F.2d 313 (5th Cir. 1969), held the use of the now constitutionally infirm conviction could not be said to constitute harmless error and voided the entire conviction.

The Missouri Supreme Court in its review on this matter, Gerberding v. State, 448 S.W.2d 904 (1970), held that under the Missouri enhancement statute only one prior felony conviction was necessary for enhancement of penalty and that since two other valid prior felony convictions existed on the record, the additional use of the infirm conviction was "harmless beyond a reasonable doubt", as "[t]he ultimate fact to be established was the existence of one prior felony conviction." Id. at 906. The Missouri Court further noted at 906:

> "Other than the evidence of prior convictions, and the instructions to the jury, there was no further reference to such prior convictions. The matter was not commented upon in the voir dire examination of the jury, and according to the original trial record there were no arguments made by either counsel at the close of the case. By its verdict the jury found appellant guilty of robbery and that he had a *prior felony conviction*."

In Burgett v. Texas, *supra*, the Supreme Court, in a 6 to 3 decision, held a trial under the Texas recidivist statute was constitutionally infirm where the State, in an opening statement, had called to the attention of the jury four prior felony convictions which the court later did not allow to be introduced into evidence. The court instructed the jury to disregard the prior offenses, and the question of enhancement of punishment

under the recidivist statutes was not submitted to the jury. Mr. Justice Douglas, speaking for the majority at p. 115 of 389 U.S., at p. 262 of 88 S.Ct., held "the admission of a prior criminal conviction which is constitutionally infirm under the standards of Gideon v. Wainwright [372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799] is inherently prejudicial, and we are unable to say that the instructions to disregard it made the constitutional error 'harmless beyond a reasonable doubt' within the meaning of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705," and further held that Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), was not relevant.[2]

The decision in *Burgett* was that the use of felony convictions where no predicate existed for their admission was prejudicial. But the limited use of properly admitted convictions is permitted in recidivist proceedings, for impeachment where applicable, and other narrowly defined situations to show pattern, intent, a planned course of action, or other material facts in issue.

In Beto v. Stacks, *supra*, the Fifth Circuit in an enhancement case held the use of one invalid prior felony conviction invalidated the whole conviction and ordered a new trial because of the "infectious influence which the use of a void conviction had on the jury's determination of his guilt or innocence." 408 F. 2d at 318. The *Beto* court refused to rule on whether the defendant Stacks could have been resentenced under another Texas recidivist statute which only required one prior felony conviction of a certain type, and held also at 318, "[t]he simple fact that a constitutionally infirm conviction was used at appellee's trial now makes it incumbent upon the State to show 'beyond a reasonable doubt' that the jury did not rely on such conviction 'to support guilt.' Burgett v. Texas, su-

---

2. In Spencer v. Texas the Supreme Court, in a 5 to 4 decision, held the Texas recidivist statute constitutional and allowed the use of prior felony convictions for enhancement of punishment in a one-stage trial. The dissenters thought the use of the prior felony convictions was prejudicial, and some of them thought it affected the integrity of the fact-finding process.

pra; Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705."

The Ninth Circuit in Tucker v. Craven, 421 F.2d 139, cert. denied, 398 U.S. 929, 90 S.Ct. 1822, 26 L.Ed.2d 92 (1970), held that the use of two prior invalid convictions not only voided the habitual criminal conviction sentence but tainted the guilt determination on the substantive charge and that the prisoner was entitled either to a new trial or to his discharge under the habeas writ.

We are here, however, confronted with the situation of whether a *per se* rule should be established invalidating any enhancement conviction where a prior felony conviction has been used that was later found to be in violation of a constitutional right. In Gerberding's trial for armed robbery in 1953, he could have been sentenced for life upon a finding of guilt for that offense, but the permissible range of punishment was five years to life; however, upon a finding by the jury that he had been convicted of a felony or felonies, it became the jury's duty to assess the maximum punishment prescribed for robbery by means of a dangerous and deadly weapon, such punishment being imprisonment for life. The trial court properly instructed the jury that if Gerberding had been convicted of a felony or felonies, that fact alone would have no bearing upon the charge in that case, that the jury was first to ascertain the issue of guilt under the armed robbery charge, and then if the jury found him guilty of robbery in the first degree by means of a dangerous and deadly weapon, and further found that he had been duly convicted of offense number one, or offense number two, or offense number three, along with the other conditions of service of sentence and discharge, then the maximum sentence should be imposed.

In reviewing these decisions, it appears that while Spencer v. Texas approved a one-stage recidivist trial as not being violative of due process, the courts of appeal have held in *Beto* and in *Tucker* that the use of an invalid conviction taints the whole proceedings and re-

quires a new trial. These cases are distinguishable from the instant case only in the fact that the invalidated convictions were necessary as a basis for the enhanced punishment. The *Burgett* case, while it started out as a recidivist trial, did not end up as one, and the court there only determined that convictions called to the attention of the jury, but not admitted into evidence, were prejudicial.

It does appear that the State is being unduly faulted for a trial error made at a time when it was constitutionally permissible under Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), to use a conviction obtained against a defendant who was not represented by counsel. Under the factual situation of the instant case, where two other valid prior felony convictions were proved to the jury, it clearly appears that Gerberding was not prejudiced by the use of the now constitutionally infirm earlier conviction. The two admittedly valid prior convictions were more than sufficient to call for application of the enhanced penalty. Here, unlike *Beto* and *Tucker,* the predicate still existed for application of the enhanced penalty. As to whether or not the use of the invalid conviction was so inherently prejudicial as to affect the substantive guilt-finding process, this case would appear to be a proper one for the application of the "harmless error" rule. *See* Gilday v. Scafati, 428 F.2d 1027 (1st Cir.), cert. denied, 400 U.S. 926, 91 S.Ct. 188, 27 L.Ed.2d 186 (1970) (holding that the admission of three invalid prior convictions for the purpose of impeachment was harmless error); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

We have read the record of the original trial and find that the evidence in the record shows not only that Gerberding was guilty beyond a reasonable doubt of the crime charged, but that the use of the 1936 conviction had no influence on the integrity of the fact-finding process or on the enhanced penalty, since its use was merely cumulative to two other valid convictions. We

conclude, as did the Missouri Supreme Court, that its admission was harmless error beyond a reasonable doubt.

The petitioner Gerberding did not take the stand and no evidence was introduced in his behalf other than attempts to impeach some of the State's witnesses. A portion of the money obtained in the robbery was found on the person of Gerberding the same day the robbery was consummated, and his connection with the robbery as one of the principals was definitely established. The jury's verdict was rendered after a proper submission of the case, and the jury's verdict found him guilty as charged and also that he had "been formerly convicted of a felony."

The only way to fasten a decree of invalidity to the 1953 conviction of Gerberding is to hold that as a matter of law the introduction of the 1936 felony conviction was so inherently prejudicial that it affected the fact-finding process or that its use compelled the jury to assess the enhanced punishment. To so hold in the context of this case appears to be unrealistic and unwarranted.

Judgment of the District Court is reversed.