UNITED STATES of America ex rel.
William C. STUBBS, Petitioner-
Appellant,

v.

Vincent R. MANCUSI, Warden of Attica
Correctional Facility, Respondent-
Appellee.

No. 126, Docket 34449.

United States Court of Appeals,
Second Circuit.

Argued Oct. 26, 1970.

Decided April 19, 1971.

Moore, Circuit Judge, dissented and filed opinion.

Bruce K. Carpenter, Dunkirk, N. Y. (Woodin & Carpenter, Dunkirk, N. Y., of counsel), for petitioner-appellant.

Maria L. Marcus, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of the State of New York, and Samuel Hirshowitz, First Asst. Atty. Gen., New York City, of counsel), for respondent-appellee.

Before MOORE, FRIENDLY and ADAMS,* Circuit Judges.

ADAMS, Circuit Judge:

Relator Stubbs was convicted in Monroe County, New York in 1966 for first degree assault and possession of a firearm. The County Court considered a prior conviction of murder obtained against Stubbs in Tennessee, found him to be a second felony offender, and sentenced him to consecutive terms of imprisonment totaling thirty-two to thirty-four years.[1] Stubbs here challenges his sentence, alleging that his prior felony conviction in Tennessee was constitutionally invalid. The Honorable Harold P. Burke, District Judge of the District Court for the Western District of New York, denied Stubbs' application for a writ of habeas corpus, and relator appealed.

Stubbs was first convicted of a vicious murder in Tennessee in 1954. This conviction was vacated in 1964 when the Honorable William E. Miller, United States District Court for the Middle District of Tennessee, found Stubbs to have been denied, because of late appointment, the effective assistance of counsel. Stubbs v. Bomar, Civil Action 3585 (M.D.Tenn., filed January 6, 1964).

At retrial, the prosecution's primary witness did not appear, but his testimony from the first trial was read over defense objections, and Stubbs was convicted. This conviction was upheld by the Supreme Court of Tennessee. Stubbs v. State, 216 Tenn. 567, 393 S. W.2d 150 (1965).

The critical issue before us is whether relator's 1964 Tennessee conviction was obtained in violation of his right—under the Sixth Amendment to the Constitution—to be confronted with the witnesses against him, and thus was an improper predicate for increased punishment.[2]

The facts underlying the Tennessee conviction are as follows: Mr. and Mrs. Holm were driving through Tennessee on their way from Texas to Rhode Island for an eventual journey to Sweden. Stubbs asked Mr. and Mrs. Holm at a roadside park for a ride, but was refused. He then forced them at gunpoint to permit him to drive their car while the Holms rode in the back seat. Stubbs claimed that when they were near Bristol, Tennessee, he was suddenly struck on the head and he heard a loud bang, the car hit a tree and Stubbs then fled. The police were called to investigate the wrecked car, and they found Mrs. Holm dead by a gunshot wound, and Mr. Holm shot twice in the face. Stubbs was soon apprehended in a police road-block. From his hospital bed, Mr. Holm identified Stubbs as the man who shot him and his wife. Three days before his trial, three attorneys were appointed to defend Stubbs, and they requested and were refused a continuance to prepare the defense. At trial, Mr.

---

* United States Circuit Judge of the Court of Appeals for the Third Circuit, sitting by designation.

1. Under former New York Penal Law §§ 241, 1897 [present New York Penal Law §§ 120.10, 265.05 (McKinney's Consol. Laws, c. 40, 1967)], Stubbs could have been sentenced to a maximum of seventeen years as a first felony offender on these charges. The sentence was increased under the authority of former Penal Law § 1941 (compare present § 70.10).

Stubbs was also convicted of the felony of breaking and entering in Texas in 1953. As far as the record in the present case reveals, the 1953 conviction remains available as a predicate for increased punishment under § 1941. Present Penal Law § 70.10 would not govern resentencing because of the effective date expressed in § 5.05. Cf. Gerberding v. Swenson, 435 F.2d 368 (8th Cir. 1970).

2. See Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

Holm was the state's primary witness, and Stubbs was convicted.

By the time of the 1964 retrial, Mr. Holm had become a permanent resident of Sweden, but had not relinquished his American citizenship. No effort was made by the state to obtain Holm's attendance at this trial. Instead, Holm's son was brought from Texas to testify that his father was presently residing in Sweden whereupon Holm's prior testimony was admitted over objection.[3] The propriety of the admission of that evidence, in light of Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968) and California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), is here in question.[4]

As noted by the Supreme Court in *Green*, "the particular vice which gave impetus to the [Confrontation Clause] was the practice of trying defendants on 'evidence' which consisted solely of *ex parte* affidavits or depositions secured by the examining magistrates, thus denying the defendant the opportunity to challenge his accuser in a face-to-face encounter in front of the trier of fact." 399 U.S. at 156, 90 S.Ct. at 1934. A traditional exception to the confrontation requirement has been the introduction of testimony of a witness who is now unavailable, but who previously testified subject to cross-examination at judicial proceedings against the same defendant. E. g., Mattox v. United States, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895). While the scope of the Confrontation Clause is not coextensive with the rules of hearsay and their exceptions,[5] "necessity" [6] is a factor common to both that may justify the use of prior recorded testimony in limited instances of genuine unavailabil-

ity. The test for such use is whether "the prosecutorial authorities have made a good-faith effort to obtain [the witness'] presence at trial." Barber v. Page, *supra* 390 U.S. at 725, 88 S.Ct. at 1322. No such effort was made here, and Holm's testimony was improperly admitted into evidence. Where there is no showing that a witness beyond the effective reach of a court's subpoena will refuse to return voluntarily to testify if requested, the prosecution may not introduce prior testimony without demonstrating a reasonable effort to secure his presence. Cf. Gov't of Virgin Islands v. Aquino, 378 F.2d 540 (3rd Cir. 1967); Owens v. Eyman, 434 F.2d 1062 (9th Cir. 1970). Absence from the continental United States is not per se a sufficient reason to broaden the exception to the Confrontation Clause allowing the admission of prior testimony of a presently unavailable witness. Although there is a much greater chance that it will not be possible to bring before the court a witness residing abroad, " 'the possibility of a refusal is not the equivalent of asking and receiving a rebuff.' " Barber v. Page, *supra*, 390 U.S. at 724, 88 S.Ct. at 1322, quoting with approval Judge Aldrich's dissent in the Court of Appeals, 381 F.2d 479, 481 (10th Cir. 1967).

New York urges that even if Holm's testimony was erroneously admitted in the 1964 trial, such error was harmless beyond a reasonable doubt within the meaning of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).[7] Relator answers that Judge Miller found Stubbs did not have effective assistance of counsel at his 1954 trial, so that his right of cross-examination may not have been satisfied even

3. *See generally* 5 Wigmore, Evidence, §§ 1396, 1404 (3d ed. 1940); Note, Confrontation and the Hearsay Rule, 75 Yale L.J. 1434 (1966).

4. In Berger v. California, 393 U.S. 314, 89 S.Ct. 540, 21 L.Ed.2d 508 (1969), the Supreme Court directed that Barber v. Page should "be given fully retroactive application."

5. California v. Green, *supra*, 399 U.S. at 155–156, 90 S.Ct. 1930.

6. See California v. Green, *supra*, 399 U.S. at 167, footnote 16, 90 S.Ct. 1930.

7. See also, Note, Harmless Constitutional Error: A Reappraisal, 83 Harv.L.Rev. 814 (1970).

initially. Judge Miller's decision, however, even if it were binding on New York, would not establish the ineffectiveness of the cross-examination of Holm, but only the prejudice to the totality of defense preparation from late appointment of counsel.

██ Nevertheless, it is clear as Stubbs' 1964 counsel recognized that Holm was not questioned regarding the core of Stubbs' defense—namely, that while Stubbs originally forced himself on the Holms, he gained their sympathy during the course of the trip and in effect became their guest. This claim was significant because even if Stubbs fired his pistol accidentally (he denied firing at all), he might still be found guilty of felony murder unless the felony of kidnapping had ended. Stubbs' story was given some plausibility by his testimony that he forced himself on the Holms from desperation and hunger; they made him welcome when he explained his motivation; Mrs. Holm suggested he put his gun on the seat to avoid it being seen while driving through a town; and they drove past a policeman without the Holms making any outcry. While all of the above may also be explained by the Holms' fear of Stubbs, we cannot declare the absence of any examination of Holm —the only eye-witness to the alleged crime—on this point to be harmless beyond a reasonable doubt. Compare Burgett v. Texas, *supra* 389 U.S. at 115, 88 S.Ct. 258 with United States ex rel. Moore v. Follette, 425 F.2d 925 (2nd Cir. 1970). Whether the test is one of overwhelming evidence or of untainted evidence,[8] the error of admitting Holm's testimony at Stubbs' second trial was central to Stubbs' conviction, rather than harmless to his case.

The dissent makes an appealing case for using the Tennessee conviction to augment the New York sentence. It essentially employs the "bad man" approach. However, it fails to cite any cases to support such position and also fails to demonstrate where the cases relied upon here are either improperly reasoned or inapposite.

MOORE, Circuit Judge (dissenting):

Here is presented an extraordinary example of "justice" dispensed by the federal courts. Stubbs, the appellant, released from a Texas penitentiary in June 1954, a few days later kidnapped at gunpoint in Tennessee a Mr. and Mrs. Holm and forced them to accompany him in their car. While on the road he murdered Mrs. Holm apparently "in cold blood" and attempted to murder Mr. Holm, wounding him twice. Stubbs was apprehended shortly thereafter at a roadblock. He tried to explain the blood on his clothing by attributing it to an accident while fishing. Stubbs was taken to the hospital to which Holm had been taken. There, in the presence of police officers and a doctor, Holm identified Stubbs as "the man that killed my wife and shot me."

Stubbs was indicted in the Criminal Court in Tennessee on July 8, 1954 and arraigned the next day, July 9, 1954. The Trial Judge immediately appointed three members of the County Bar to represent Stubbs. Although counsel moved for a continuance for additional time to prepare a defense (a practice not unusual for defense counsel), the trial was set for, and proceeded on, July 12, 1954.

In addition to other witnesses, Holm testified to the facts of the kidnapping, the murder of his wife and his own wounding. There is no indication in the record that Stubbs' counsel did not have a full opportunity to cross-examine Holm. The jury convicted Stubbs on four indictments, murder in the first degree, assault with intent to murder and two counts of kidnapping. He was sentenced to concurrent terms of 99 years and 21 years.

Ten years passed. Stubbs by habeas corpus petition then advanced the claim in a federal court in Tennessee that his

8. See 83 Harv.L.Rev. at 817–820.

1954 conviction should be set aside. The federal judge, in my opinion quite erroneously, granted the petition on the ground that "the petitioner was denied effective representation by counsel" in that "Court-appointed counsel did not have adequate and sufficient time within which to prepare the necessary defense prior to going to trial" and, declaring the first trial "null and void," remanded Stubbs for further prosecution.

On the second trial in 1964 the State called fifteen (15) witnesses, including the three (3) Highway Patrolmen and a Police Investigator who were present in Holm's hospital room on June 11, 1954 and who testified to Holm's identification of Stubbs as the murderer and assailant. The testimony of another eye-witness who had died in the ten-year interval was introduced from the transcript. Holm had returned to Sweden where he was in residence. His 1954 testimony was also introduced from the transcript.

Again Stubbs was convicted of first degree murder and sentenced to twenty years and one day. The Supreme Court of Tennessee reviewed and affirmed the conviction. In an opinion by the Chief Justice, the court considered and ruled upon with approval the introduction of the Holm testimony from the transcript. There was, however, a modification of the sentence. Stubbs urged that he was entitled to a credit of his pre-trial imprisonment since 1954 and with this claim the court agreed.

How and why Stubbs was released from Tennessee is not revealed but 1966 finds him in New York State pursuing his calling and convicted in Monroe County of first degree assault and possession of a gun. Sentences (as a first offender) could have been imposed of sixteen to seventeen years. However, because of the 1964 Tennessee conviction, Stubbs was a second felony offender and, under New York Penal Law, § 1941 (then, and to this case on remand, currently, applicable), was subject to the sentence actually imposed of thirty-two to thirty-four years. Parenthetically, although not mentioned below, I see no reason why the County Court should not be able to consider the Texas conviction as a predicate to second offender treatment on any re-sentence.

All this background material, although not irrelevant to the issue before us, has caused the majority to divert its attention to Tennessee instead of to New York. Stubbs is not seeking relief from his Tennessee conviction as such but simply from its use to support a longer sentence for his subsequent New York conviction. The attack now made on the Tennessee conviction is purely collateral. On the merits I would hold that we should respect the decision of the Tennessee Supreme Court on the subject of the admission of Holm's 1954 testimony via the transcript.

Adverting momentarily to the merits of admitting Holm's transcript testimony, the facts definitely show, in contrast to widely differing facts in cases cited, that Holm was beyond the jurisdiction of the Tennessee courts even with federal aid. See Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1908). Therefore, I do not find it necessary to restrict the permissive categories to death and connivance. Enough flexibility should exist in the law to consider the facts of each case in relation to availability and importance.

All of Stubbs' present arguments about lack of confrontation are but a smoke-screen. He and his counsel confronted Holm; his counsel cross-examined Holm; the issues and facts were not complex. More important, however, is the fact that on the 1964 trial, many eye-witnesses and ear-witnesses testified. Stubbs undoubtedly would have been convicted without the use of Holm's testimony. Of course it was important as an ingredient but so is almost all testimony placed in the category of harmless error. If harmless error be a factor on direct appeals, how much the more so should it be on collateral attacks!

In my opinion the able argument advanced by Stubbs' counsel has sought to divert us (and succeeded as to the majority) into paths of constitutional and hackneyed generalities. We all recognize the rights of confrontation and cross-examination. However, the many cases cited based on other and different facts are not dispositive here.

I would affirm the denial of the writ but at the very least would have the majority give more explicit instructions to the County Court on the possibility of regarding the Texas conviction as a predicate for the potential new sentence under § 1941 of the New York Penal Law.