Wiburn Jerome **GERBERDING**,
Petitioner,

v.

**Harold R. SWENSON, Warden,**
Respondent.

No. 72 C 226(1).

United States District Court,
E. D. Missouri, E. D.

April 26, 1972.

Wilburn Jerome Gerberding, pro se.

John C. Danforth, Atty. Gen., State of Missouri, Jefferson City, Mo., for respondent.

MEMORANDUM

MEREDITH, District Judge.

Petitioner, presently confined in the Missouri State Penitentiary, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

In 1953, petitioner was convicted by a jury of robbery in the first degree, and sentenced to life imprisonment under the Missouri Second Offender Act applicable at that time, R.S.Mo., V.A.M.S., § 556.-280 (1949). On appeal, this conviction was affirmed by the Missouri Supreme Court. State v. Gerberding, 272 S.W.2d 230 (Mo.1954).

On February 9, 1968, petitioner filed a motion to vacate this judgment and sentence, pursuant to Missouri Supreme Court Rule 27.26, V.A.M.R. The trial court, upon remand from the Missouri Supreme Court directing an evidentiary hearing [433 S.W.2d 820, (Mo.1968) ], denied the motion to vacate on February 14, 1969. That denial was affirmed by the Missouri Supreme Court on January 12, 1970. Gerberding v. State, 448 S.W.2d 904 (Mo.1970).

On February 27, 1970, petitioner filed a petition for writ of habeas corpus in the United States District Court for the Western District of Missouri. Petitioner was granted a writ of habeas corpus relieving him of the life sentence imposed under the Missouri Second Offender Act. The Court held that the use of a constitutionally infirm conviction could not be said to constitute harmless error and voided the entire conviction. On appeal by the state, the Court of Appeals for the Eighth Circuit reversed the judgment of the District Court,

holding that the use of the invalid conviction had no influence on the integrity of the fact-finding process or on the enhanced penalty, since its use was merely cumulative to two other convictions, thus, its admission was harmless error beyond a reasonable doubt. Gerberding v. Swenson, 435 F.2d 368 (8th Cir. 1970), cert. den. 403 U.S. 906, 91 S.Ct. 2211, 29 L.Ed.2d 682 (1971).

In support of his present application, petitioner asserts the following ground:

"The verdict in this particular case is Constitutionally defective and insufficient to conclusively establish and inform the petitioner of which one of the three prior felonies or mul*it*ple accusations contained in the indictment the jury specifically found the petitioner guilty of, by said verdict failing to name the one specific prior felony that the jury in fact found in their verdict, and where one of the three prior felonies was unconstitutional due to lack of counsel, and where the verdict fails to name the one specific prior felony found in the verdict, then through the insufficiency and failure of the verdict to inform the petitioner of the specific accusation found in said verdict, the mandatory life sentence imposed under Section 556.280 R.S.Mo. (1949) can not constitutionally stand, and the petitioner was denied due process of law contrary to the Sixth and Fourteenth Amendments to the United States Constitution."

It is the opinion of this Court that even though the ground presently asserted may be supported by different legal arguments and couched in different language, it is basically the same ground that was decided adversely to petitioner on the merits by the Court of Appeals for the Eighth Circuit, and, therefore, that decision could be of controlling weight here. See Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148 (1963); Wilwording v. Swenson, 446 F.2d 553 (8th Cir. 1971).

Nevertheless, resolving all doubts in favor of petitioner and assuming that the two grounds are different, it is the further opinion of this Court that the ground as presently asserted is shown by the application and decisions previously rendered in this case to be conclusively without merit.

The verdict in the case read as follows:

"We, the jury in the above entitled cause, find the defendant guilty of robbery in the first degree by means of a dangerous and deadly weapon. We further find the defendant has been formerly convicted of a felony and assess his punishment at imprisonment in the State Penitentiary for the remainder of his Natural Life."

The Missouri Supreme Court held both in this case and in previous cases, that a verdict which finds that a defendant has been formerly convicted of a felony is sufficient to support a conviction under the Missouri Second Offender Act, and such verdict does not need to make specific findings with respect to prior convictions. Gerberding v. State, 433 S.W.2d 820 (Mo.1968); State v. King, 380 S.W.2d 370 (Mo.1964), cert. den. 379 U.S. 979, 85 S.Ct. 681, 13 L. Ed.2d 569 (1965).

It is the opinion of this Court that the verdict in the instant case is not constitutionally defective, but rather supports the judgment.

In light of the foregoing, the petition for a writ of habeas corpus will be denied.