Donald Lee **JACKSON**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 56381.

Supreme Court of Missouri, Division No. 2.

Feb. 22, 1972.

G. Andy Runge, Edwards, Seigfreid & Runge, Mexico, Mo., for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

Donald Lee Jackson has appealed from an order overruling his motion, filed under Criminal Rule 27.26, V.A.M.R., to vacate a 40-year sentence entered August 12, 1964 on a plea of guilty to a charge of assault with a dangerous and deadly weapon.

The first question is whether appellant's plea is involuntary and constitutionally invalid under testimony adduced by appellant that while in the county jail he was subjected to unsanitary conditions, restricted diet, solitary confinement, inhumane treatment, and denied access to counsel and friends, thereby being reduced to a mental state of submission and hopelessness rendering him incompetent to advise with counsel, assist in his defense or enter a voluntary plea; that he would have pleaded guilty and taken 100 years' imprisonment to secure release from the Audrain County jail. Appellant's evidence was denied and contradicted in each of the foregoing particulars by substantial testimony to the contrary. It was a matter of the credibility of the witnesses. The trial judge disbelieved appellant's evidence, accepted that of the State on this issue, and determined that appellant failed to sustain the burden of proof; that the facts he testified to were not true and that his claims were not justified. Such a judicial determination, based upon substantial competent evidence, may not be said to be "clearly erroneous." Furthermore, dissatisfaction with the conditions of penal servitude while awaiting trial is no ground for vacation of a sentence following a plea of guilty. Collins v. State, Mo.Sup., 450 S.W.2d 186; Coleman v. State, Mo.Sup., 473 S.W.2d 692; Langdeau v. State of South Dakota, 8 Cir., 446 F.2d 507 (1971).

The next question is whether the 40-year sentence was based upon constitutionally impermissible factors, in violation of the Sixth and Fourteenth Amendments to the United States Constitution,

in that the sentencing judge improperly took into consideration and relied upon two prior convictions which appellant claims should not have been considered in assessing punishment because pleas of guilty were entered in those cases without the benefit and presence of counsel and without any valid waiver of appellant's right to the assistance of counsel. Appellant relies upon Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. The record of only one of the two prior convictions was in evidence. Its recitals clearly show a valid waiver of appellant's right to counsel. The court record of the other prior conviction was not produced but appellant testified that he did not have the benefit of counsel in that case. If under Burgett v. Texas, supra, and Losieau v. Sigler, 8 Cir., 406 F.2d 795, 803[10], appellant's testimony shifted to the State the burden of proving that appellant was represented, as those decisions indicate, the second prior conviction is to be regarded as retroactively invalid for lack of counsel, because the State failed to meet that burden. Assuming its invalidity, we have the situation where one prior conviction used to support the enhancement of punishment under the Second Offender Act is valid and the other is invalid. In Gerberding v. State, Mo.Sup., 448 S.W.2d 904, we held that since only one conviction need be proved to authorize enhancement of punishment, any error in improperly admitting in evidence the record of a prior conviction which was constitutionally tainted because it recited that defendant appeared in court without counsel, was not prejudicial but constituted harmless error; that the one valid prior conviction was sufficient to support the judgment and sentence attacked. This Court's decision was reviewed and approved in Gerberding v. Swenson, 8 Cir., 435 F.2d 368. Under these decisions the 40-year sentence was not based upon constitutionally impermissible factors.

■ The admissibility in evidence at the 27.26 hearing of the "board book," a record kept by the sheriff, and notes taken in the magistrate court at the preliminary hearing by the secretary to the prosecuting attorney, is challenged. The board book, in which the names of prisoners at the jail, the dates of admission and discharge, and the disposition of their cases, was admissible under the business records exception to the hearsay rule to contradict the testimony of two witnesses who testified to jail conditions and who claimed to have been in the jail at the same time appellant was an inmate.

■ The secretary's notes were relevant on the issue of how appellant's counsel handled appellant's case at the preliminary. The notes were not inadmissible as hearsay, as claimed. The secretary who took and transcribed the notes was summoned as a witness. She was present in court at the 27.26 hearing; was sworn as a witness; took the stand, confronted appellant; testified in the case with respect to her notes and was available to appellant for cross-examination. Hearsay evidence is objectionable "because the person who makes the statement offered is not under oath and is not subject to cross-examination." Bartlett v. Kansas City Pub. Serv. Co., 349 Mo. 13, 160 S.W.2d 740, 1. c. 742. There was no error in admitting the secretary's notes.

■ The information is challenged on the ground that it did not conclude with the words "against the peace and dignity of the State." While this was a requirement under the Constitution of 1875 (Article VI, § 38) it is not a requirement under the Constitution of 1945, see Article I, § 17, V.A.M.S. and Criminal Rule 24.01 requires only that an information be a plain, concise and definite written statement of the essential facts constituting the offense charged, signed by the prosecuting attorney. The rule specifically provides

that the information need no' contain a formal conclusion.

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

MORGAN, P. J., HENLEY and DONNELLY, JJ., and SMITH, Sp. J., concur.