Ronald Eugene **JONES**, Movant-Appellant,

v.

**STATE of Missouri**, Respondent.

No. 57137.

Supreme Court of Missouri, Division No. 1.

Dec. 10, 1973.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

Bernard Passer, Kansas City, for movant-appellant.

WELBORN, Commissioner.

Appeal from denial of relief in proceeding to set aside judgment of conviction and sentence to life imprisonment, entered on plea of guilty to charge of murder in the first degree. Rules 27.26, 27.25, V.A.M.R.

In July, 1969, Ronald Eugene Jones, then 15 years old, was taken into custody as a juvenile in connection with the shooting to death of an off-duty policeman in a jewelry store holdup. After proceedings in the juvenile court, Jones was charged, by indictment returned in September, 1969, as an adult with murder in the first degree. Jones's father employed attorneys to represent his son, but according to Jones, he was not satisfied with their services and in April, 1970, the father employed Mr. Lewis Pierce to represent his son. Apparently, when Pierce was employed, the case was set for trial in May, 1970. On April 23, 1970, Pierce filed motions on behalf of Jones to suppress a line-up identification and a statement which Jones had made while in custody as a juvenile. Pierce investigated the case and conferred with Jones six or seven times prior to May 4, 1970. On that date, Pierce appeared in circuit court prepared to go to trial in the case. He had previously discussed with the prosecutor what might be expected in the event Jones should enter a plea of guilty. The prosecutor indicated to Pierce that some leniency might be forthcoming if Jones would cooperate with the state in the trial of other defendants charged in the same case. Pierce transmitted the infor-

mation to Jones and at Jones's request he and Pierce met with the prosecutor, but Jones at the meeting expressed an unwillingness to cooperate with the state.

Prior to May 4, Pierce had also advised Jones and his parents that trial of the charge presented little chance of acquittal and, because of the inflammatory nature of the case, the state was prepared to request the death penalty.

When Pierce and Jones appeared for trial on May 4, the options available were again discussed and, according to Pierce, Jones concluded that he wanted to plead guilty to murder in the first degree. Jones did so on that date and a presentence investigation was ordered.

On October 2, 1970, Jones appeared in circuit court, represented by Mr. Robert Duncan, a member of the same law firm as Mr. Pierce who was out of town, and the court sentenced Jones to life imprisonment. On January 5, 1971, Jones filed a motion in the circuit court to set aside his conviction and sentence. A hearing was held on the motion and the trial court entered findings and judgment adverse to the movant.

On this appeal, appellant contends that he received inadequate assistance of counsel on his plea of guilty and that the plea was induced by representations of his attorney that he would receive a sentence of from 10 to 15 years on his guilty plea.

■ The inadequate assistance is premised primarily upon the failure of counsel to obtain a ruling upon the motion filed on behalf of movant to suppress the statement which he made while in juvenile custody. Appellant argues that the statement was subject to being suppressed under the holding of this court in State v. Arbeiter, 408 S.W.2d 26 (Mo.1966).

Regardless of the merits of that position, the question is whether or not the advice and assistance which Pierce afforded movant was "within the range of competence demanded of attorneys in criminal cases."

McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). The trial court concluded:

"3. Movant had the effective assistance of counsel. Prior to his appearance in this case, Mr. Lewis Pierce had extensive experience in the practice of criminal law. He met with movant and his family on many occasions, explored all possibilities of defense and made adequate investigation of the charge against movant in order to evaluate the possible courses of action. Counsel's advice to movant, in light of his investigation, was within the range of his discretion as a competent attorney. Counsel's analysis was not so erroneous as to constitute ineffective assistance."

This conclusion is not clearly erroneous. Rule 27.26(j). Carpenter v. State, 479 S.W.2d 466, 468[2] (Mo.1972).

■ The contention regarding Pierce's assurance of a 10 to 15-year sentence is based on the testimony of movant to that effect. Movant's father also testified that a day or two before his son pleaded guilty, Pierce told him that he thought the best thing for Ronnie to do was plead guilty and so he said that he would probably get 10 to 12 years. Jones's mother and brother who were in court when the plea was entered testified that before the plea, they heard Pierce assure Jones that everything would be all right and that he would get 10 to 15 years.

Pierce unequivocally denied that such assurance had been given Jones. He did testify to the dealings with the prosecutor's office concerning leniency in return for Jones's cooperation, as above mentioned. He also unequivocally denied that he had ever told Jones that he had talked to the sentencing judge and arrived in advance at a sentence.

On this issue, the trial court made the following finding:

"6. Movant's counsel Mr. Pierce did discuss with movant the possibility of se-

curing a reduction of the charge to a lesser degree of homicide and a sentence of a term of years in return for cooperation with the State in the prosecution of alleged co-conspirators in the murder. Movant and his counsel had several conferences with the prosecuting attorney regarding this course of action. Movant elected not to pursue this course. Other than that, counsel explained to movant that his only options were to go to trial or to plead guilty to first degree murder and hope for a sentence of life imprisonment. Counsel told movant that he would probably receive a life sentence if he entered a plea of guilty. Counsel at no time promised movant that he would receive a sentence of a term of years if he pleaded guilty to murder in the first degree. Movant's evidence indicates that counsel did tell movant just prior to the plea that he might be released on parole after a number of years served on the life term but did not promise him that he would. Movant was fully advised, prior to his plea and during his plea, as to the possible punishment for murder first degree. Note the following:

" 'THE COURT: I am sure your lawyer has explained to you, but I want you to tell me what you understand the range of penalty to be for the offense of murder in the first degree.

" 'DEFENDANT JONES: Yes.

" 'THE COURT: What is the possible penalty?

" 'DEFENDANT JONES: For—life or death.

" 'THE COURT: And, fully understanding this, and fully understanding your right to a jury trial, you are still asking that I accept your plea of guilty?

" 'DEFENDANT JONES: Yes.' "

Here, counsel for appellant questions the trial court's acceptance of Pierce's testimony and rejection of the testimony of Jones and the members of his family. This was a matter to be resolved by the trial court and its finding is not clearly erroneous. Rule 27.26(j); Crosswhite v. State, 426 S. W.2d 67, 70–71[1] (Mo.1968).

Appellant's contention that the withdrawal of his plea should be permitted under Rule 27.25 is premised primarily on the grounds that the plea was induced by counsel's assurance that the appellant would receive a 10 to 15-year sentence on a plea of guilty. The trial court's finding on this factual matter has already been considered. No reconsideration is necessary with regard to the claim for relief under Rule 27.-25.

Appellant did testify that he asked Pierce to move to withdraw the guilty plea prior to the sentencing. Pierce testified that appellant "did indicate at some time along the line that he wanted to withdraw his guilty plea." According to Pierce, appellant suggested that something might have been produced in the trial of a codefendant which would provide the basis for withdrawal of the plea. Pierce testified that investigation revealed that in that trial appellant had been identified as the "trigger man." Pierce testified that movant never unequivocally requested that he seek to withdraw the plea. "[I]t was pre-conditioned on something else."

Appellant testified that he addressed a letter to Judge Stubbs, who had taken the plea of guilty, requesting that he be permitted to withdraw his plea. No such letter appeared in the file of the case and Judge Stubbs had no recollection of having received such a letter. There was also evidence that movant addressed letters to that effect to a federal court judge.

■ There being no showing that a motion to withdraw the plea was presented to and considered by the trial court prior to sentencing, there is no occasion for consideration of the request for withdrawal as having been made prior to sentencing. With respect to the motion to withdraw subsequent to sentencing, the trial court concluded no "manifest injustice" calling

for the setting aside of the judgment and plea. Appellant has not demonstrated that this conclusion is erroneous.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.