**Charles Edward COLEMAN, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 37132.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 10, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Sept. 30, 1976.

Application to Transfer Denied
Nov. 8, 1976.

Roberts & Roberts, V. Kenneth Rohrer, Farmington, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

McMILLIAN, Judge.

Charles Edward Coleman appeals from an order of the Circuit Court of St. Francois County, Missouri, denying his companion motions to vacate judgments and sentences under Rule 27.26. We affirm the order of the trial court.

Appellant was arrested on April 13, 1973, subsequent to the robbery of a gas station. During the course of the robbery a station attendant and a customer were killed. The charges brought against appellant included two counts of first degree murder, one count of first degree robbery, one count of kidnapping, one count of stealing a motor vehicle, and one count of resisting arrest. During the arrest appellant was shot by the police and required hospitalization. While confined at the hospital, appellant made a video-taped confession. Charles Hyler was appointed by the court to represent appellant on May 1, 1973. During the preliminary hearing the court viewed the videotape and appellant was positively identified by a witness to the robbery. After the charges against him were reduced to two counts of second degree murder, appellant entered pleas of guilty and was sentenced to two concurrent terms of forty (40) years imprisonment. Appellant filed his motions with the circuit court on August 5, 1974, seeking to vacate the judgments. The court appointed counsel to represent appellant; held a hearing on the motions, and denied both of them.

Appellant raises three issues on appeal: (1) that the trial court ruling was clearly erroneous because the pleas of guilty were not voluntarily made because of ineffective advice of counsel; (2) that the pleas were not voluntarily made because of a failure of appellant's counsel to investigate; and (3) that the pleas were the involuntary result of isolation and long confinement and were induced by appellant's counsel's statement that appellant would be in jail for four (4) to five (5) years awaiting trial.

■ A motion filed under Rule 27.26 is an independent civil action. A petitioner seeking to set aside a judgment entered upon a plea of guilty has the burden of establishing grounds for relief by a preponderance of the evidence. *State v. Rose,* 440 S.W.2d 441, 443 (Mo.1959). Upon review we are limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j) and *Hall v. State,* 496 S.W.2d 300, 303 (Mo.App.1973). Such findings and conclusions are only clearly erroneous if, after review of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Crosswhite v. State,* 426 S.W.2d 67, 70–71 (Mo.1968).

■ Appellant's first point on appeal is that his pleas were not voluntary because of ineffective advice of counsel concerning the admissibility of his confession and the identification by a witness. The ultimate test of the effectiveness of counsel in a guilty plea situation is whether there was such adequacy of representation that the plea is voluntarily and understandingly made. *Hall v. State,* supra, at 303. " . . . [A]ppellant is bound by his plea unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not a knowing and intelligent act." *Hall v. State,* supra, at 303. The duty of counsel is to render such assistance as is within the range of competence demanded of attorneys in criminal cases. *Jones v. State,* 502 S.W.2d 326, 328 (Mo. 1973).

■ In the present case the evidence produced at the hearing established that counsel met with appellant on eight occasions and kept him informed about the case against him. The circuit court found that counsel was correct in the advice he gave appellant—that the confession and identification would have been admissible at trial. The efforts of counsel, which resulted in a substantial reduction in the charges against appellant, were well within the range of competence which is required of attorneys in criminal cases. The pleas of appellant were, therefore, not made involuntarily because of ineffective assistance of counsel.

■ Appellant's second point on appeal is that his counsel failed to adequately investi-

gate appellant's condition prior to the making of the video-taped statement. The issue of failure to investigate was not a ground set forth in the motions filed in the trial court. The issue is therefore, not properly before this court, having been raised for the first time on appeal. *Maggard v. State,* 471 S.W.2d 161, 162 (Mo.1971) and *Quinn v. State,* 515 S.W.2d 603, 608 (Mo.App.1974).

While we do not reach the issue, our reading of the record indicates that it is without merit. Appellant claims that his attorney failed to investigate whether his confession might have been excluded due to the effects of medication on appellant at the time the confession was made. The unrebutted testimony of trial counsel was that he had discussed the medication with one of appellant's physicians. Appellant's attending physician was of the opinion that appellant was in control of himself and responsible for what he said at the time of the confession. Even if the issue were properly before us, we find that appellant has not carried his burden of showing that a failure to investigate resulted in actual prejudice, making his plea involuntary.

■ Appellant's final point on appeal is that the pleas of guilty were made as a result of the adverse effects of isolation and long confinement and were induced by appellant's counsel's statement that appellant would be in jail for four (4) to five (5) years before his cases would be disposed of by trial. Again, these grounds were not raised in the original motions filed with the circuit court and leave nothing for review. *Maggard v. State,* supra and *Quinn v. State,* supra. We note that while there were no findings of fact on this issue, mere incarceration prior to trial does not constitute such coercion as to render a plea involuntary. *Coleman v. State,* 473 S.W.2d 692 (Mo.1971).

Accordingly, judgment of the circuit court is, therefore, affirmed.

WEIER, P. J., and RENDLEN, J., concur.