John W. MISTLER, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 28551.

Missouri Court of Appeals,
Kansas City District.

Oct. 12, 1976.

Robert E. Harris, Warrensburg, for appellant.

John C. Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

John Mistler filed a motion under Rule 27.26 to vacate a judgment and sentence entered pursuant to his plea of guilty to stealing over $50.00. After an evidentiary hearing, the court made findings of fact and conclusions of law and overruled such motion.

On this appeal Mistler contends his motion was erroneously overruled because he was denied effective assistance of counsel in that his attorney coerced him to plead guilty after he had stated he was innocent; the trial court stated in its commitment he was to be confined for burglary second degree, rather than stealing; and he was denied his right to counsel of his own choice, i. e., a fellow inmate. Affirmed.

At the time Mistler pleaded guilty the court made a complete record to show the voluntary nature of the plea. This record reveals Mistler was appearing with his retained counsel and that he had no complaint about his counsel's service. When questioned by the court concerning what he had done to make him think he was guilty of the offense charged, Mistler stated he had driven out to a house in the country, kicked the door of a tool shed open, opened his car trunk, taken several articles from the shed, put them in his trunk and later sold the articles for $80.00. Mistler was accompanied by two other men and he drove his own car.

After accepting Mistler's guilty plea, the court sentenced him to five years imprisonment, but placed him on probation. Subsequently, the court found the probation conditions had been violated and the court revoked the probation and ordered Mistler into custody of the Department of Corrections. The order revoking probation and ordering Mistler into custody erroneously stated he had been sentenced on a charge of burglary second degree.

Prior to the hearing on this motion, Mistler requested that a fellow inmate be brought from Moberly to represent him at the hearing. The court had previously appointed an attorney to represent Mistler. The court denied the request to have the fellow inmate represent Mistler. That refusal is now urged as reversible error.

▄ Sections 484.010 and 484.020, RSMo 1969, require that a person have a license to practice law before he may appear before a court as an advocate in a representative capacity. Concededly the fellow inmate was not a licensed attorney. Furthermore, even in criminal proceedings the constitutional right to counsel does not mean an accused is entitled to any particular attorney. *State v. Jefferies*, 504 S.W.2d 6 (Mo.1974). Here Mistler had counsel and was not entitled to have an unlicensed inmate appear to represent him.

Mistler next complains the court erred in overruling his motion on his assertion he was denied effective assistance of counsel because his attorney coerced him into pleading guilty after he told his attorney he was innocent. The evidence at the hearing on this motion was conflicting even on the part of Mistler. At one point Mistler stated he drove to the farmhouse and while he was knocking at the door, his two associates stole an air compressor and other items without his knowledge. At another point in his testimony, he admitted he returned to his car and saw the air compressor in his trunk and hurriedly left the premises when he saw another car approaching. At still another point he stated he had fully admitted his guilt at the time of his plea of guilty.

The attorney who represented Mistler at and prior to his guilty plea testified and unequivocally denied Mistler had made any statement to him concerning his innocence. On the contrary, he stated Mistler told him he was guilty and was insistent on pleading guilty in the hopes he could get probation so that he could quickly marry. On this conflicting evidence, the trial court found Mistler was not denied the effective assistance of counsel but on the contrary advised his attorney he wanted to plead guilty and from the evidence available to the attorney there was a sound basis for the plea.

▄ This court is required to give due regard to the opportunity of the trial court to observe and hear witnesses. This court will defer to the determination of the credibility of witnesses by the trial court unless an abuse of discretion is shown. *McCarthy v. State*, 502 S.W.2d 397 (Mo.App.1973). No abuse of discretion is shown nor attempted to be shown in this case in the finding Mistler was not denied effective assistance of counsel.

▄ Mistler finally contends he was unlawfully confined in the Department of Corrections because of the error in the order revoking his parole and committing him to the Department of Corrections in stating the charge upon which he had been convicted was burglary second degree rather than stealing over $50.00.

The judgment and sentence by which Mistler was convicted of stealing over $50.00 was correctly entered at the time he pled guilty. There is no question concerning the judgment and sentence as originally entered. The order revoking parole was not a sentence but a commitment by which the Department of Corrections was authorized to hold Mistler in custody. The language of a judgment and sentence should be controlling over that of a commitment. *State v. Harrison,* 276 S.W.2d 222 (Mo.1955).

In this instance, the judgment and sentence originally entered were correct and the commitment simply contained a clerical mistake in describing the charge upon which the judgment and sentence had originally been entered. Since the judgment and sentence control, there was no reason the trial court could not correct this clerical mistake in the commitment as it did. Certainly, there was nothing in this clerical misstatement which in any way invalidated the authority of the Department of Corrections to hold Mistler in custody.

Judgment affirmed.

All concur.