**Willie G. DOVE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 28999.**

Missouri Court of Appeals, Kansas City District.

June 27, 1977.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P. J., and WASSER-STROM and TURNAGE, JJ.

TURNAGE, Judge.

Willie Dove filed a motion under Rules 27.25 and 27.26 to vacate his conviction and sentence. Dove was sentenced to 17 years confinement following his plea of guilty to murder in the second degree.

The court held an evidentiary hearing on the motion to vacate and after making findings of fact and conclusions of law, overruled the same.

On this appeal Dove raises the single point the court erred in overruling his motion because he had been denied the right to effective assistance of counsel. Affirmed.

Dove was originally charged with murder in the first degree as a result of his participation in a robbery.

Dove originally pleaded not guilty, but later appeared with his court-appointed attorney and entered a plea of guilty to murder in the second degree. At this time a full and complete record was made which covers 18 pages. In this proceeding Dove on several occasions stated he knew he was pleading guilty, knew he was originally charged with murder in the first degree, and the charge had been reduced to murder in the second degree. He further stated he was not acting under any compulsion or as result of any promise or threat. He stated on several occasions he was pleading guilty only because he was guilty. He stated he understood the State had reduced the charge and recommended he would be given a sentence of 17 years. The court informed him he would be sentenced to 17 years and Dove stated he still wanted to plead guilty under those circumstances.

Dove was represented by appointed counsel, Thomas Cox, Jr., an experienced criminal lawyer. Dove stated in the guilty plea hearing he was fully satisfied with Mr. Cox's services. He stated he had conferred with Cox on several occasions and Cox had fully advised him concerning his right to a jury trial and Dove acknowledged he understood a jury was in fact on hand and ready to try the case the very morning he entered his plea of guilty. He stated he was 21 years of age with 9½ years of formal education, and he fully understood all of his rights. At the conclusion of this hearing the court accepted the guilty plea and sentenced Dove to a term of 17 years.

At the hearing on the motion to vacate, Mr. Cox testified as to the work he had put in on the Dove case and the many conferences he had held with Mr. Dove. He stated he had filed a pre-trial motion to suppress a confession made by Dove, but this was overruled. He stated Dove had given him the name of an alibi witness but he was unable to locate this person. Cox stated he was ready and willing to try the case but thought the State had a strong case and felt he had accomplished a good result for Dove in persuading the State to reduce the charge and to recommend a term of 17 years when he felt a jury would very likely convict Dove of first degree murder with a mandatory sentence of life imprisonment.

Dove testified at the hearing on his motion. He denied he had participated in the crime and stated Cox had told him what to say during the guilty plea hearing and his statements at that time were only made because Cox had told him what to say.

In its findings of fact the court found Dove had been represented by one of the most experienced lawyers in criminal matters in the Kansas City area, and the court had found Dove was acting freely and voluntarily with full realization of his rights at the time he pleaded guilty. The court found Dove had entered his plea of guilty because he was in fact guilty and the State would have a strong case against him and the jury could reasonably have found him guilty of murder in the first degree. The court further found there was no evidence to show Dove had been threatened or had been told what to say in the guilty plea hearing. The court further found there was no evidence to show Cox had told Dove that if he went to trial he would be without a defense.

■ In his motion under Rules 27.25 and 27.26, Dove had the burden of establishing grounds for relief by a preponderance of the evidence. *Coleman v. State*, 542 S.W.2d 53, 54[1, 2] (Mo.App.1976). It is further stated in *Coleman:*

"The ultimate test of the effectiveness of counsel in a guilty plea situation is whether there was such adequacy of representation that the plea is voluntarily and understandingly made." 542 S.W.2d 54[3, 4].

The only evidence Dove points to in his brief to show the ineffective assistance of counsel is his own testimony. He completely overlooks the testimony of Mr. Cox and the statements he made under oath at the time he entered his plea of guilty.

On appeal this court will defer to the determination of the credibility of witnesses by the trial court. *Mistler v. State*, 542 S.W.2d 619, 620[3, 4] (Mo.App.1976). No abuse of discretion is shown or attempted to be shown on the part of the trial court in its finding in which it chose to believe the testimony of Mr. Cox and the statements made by Dove during the guilty plea.

The judgment of the court is supported by substantial evidence and is not clearly erroneous. Rule 27.26(j).

The judgment is affirmed.

All concur.