**George Steven WOODS,
Defendant-Appellant,**

v.

**STATE of Missouri,
Plaintiff-Respondent.**

**No. 38689.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 28, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 10, 1978.

Application to Transfer Denied
May 9, 1978.

Christelle Adelman-Adler, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Appellant George Steven Woods appeals from an order entered in the circuit court of the City of St. Louis denying, without an evidentiary hearing, his Rule 27.26 motion to set aside his conviction and sentence. Appellant was convicted of murder in the first degree after entering a plea of guilty and was sentenced to life imprisonment. For reversal appellant contends that the trial court erred in not granting an evidentiary hearing because his motion stated facts which, if true, entitled him to relief. We disagree and accordingly affirm the order.

From the transcript of the acceptance of appellant's guilty plea, we note that the trial court conducted an extensive hearing. We further note that at the guilty plea proceedings appellant affirmed that (1) his plea was given "freely and voluntarily" and (2) his plea was entered "of his own free will" and that no coercion was involved. Additionally, appellant stated that he had not been "threatened or coerced or intimidated in any manner by anyone" so as to cause him to plead guilty.

 Appellant's motion alleges that his guilty plea was coerced by the "brutal treatment" he received in jail and he received ineffective assistance of counsel because his court-appointed counsel improperly assessed the admissibility of his four prior convictions. With respect to appellant's first allegation that his guilty plea was coerced by inhumane jail conditions, we note that this allegation, even if true, would not entitle appellant to relief, *e. g., Ervin v. State*, 525 S.W.2d 381, 386 (Mo.App.1975). ". . . [D]issatisfaction with penal conditions and a hope that by a guilty plea a different kind of incarceration might be achieved are not [valid considerations] on a motion to vacate sentence on the ground of involuntariness of the guilty plea. . ." (Citations omitted.) Equally important, appellant's assertion that his plea was coerced by inhumane jail conditions is directly refuted by the record as we noted above. Moreover, appellant's assertions as to inhumane jail treatment, if true, were defects which were waived by his subsequent guilty plea, *e. g., Kunkel v. State*, 501 S.W.2d 52 (Mo.1973). Consequently, we must rule this point against appellant.

 Appellant's final allegation that he received ineffective assistance of counsel because his counsel improperly assessed the significance of his prior convictions is without merit. Nowhere in the record or in the motion does appellant allege that he ever informed his attorney that he had not been represented by counsel at any of the prior

convictions. Consequently, we refuse to hold that there was ineffective assistance of counsel in this case because there was a presumption that the convictions were valid, e. g., *Tollison v. State*, 556 S.W.2d 455, 458 (Mo.App.1977). Thus, we cannot fault counsel for rendering advice which, under the circumstances, appeared to be accurate.

 Furthermore, even if counsel had inaccurately assessed the significance of appellant's prior convictions, this by itself would not entitle appellant to relief. In *McMann v. Richardson*, 397 U.S. 759, 770, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970), the defendant claimed that he was afforded ineffective representation because his attorney had erroneously assessed the admissibility of his confession. Holding that this was not a ground for relief, the court said:

"[A] defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession."

Similarly, in *Coleman v. State*, 542 S.W.2d 53, 54 (Mo.App.1976), this court rejected the movant's contention that his guilty plea had been entered because of erroneous advice furnished by his counsel. In *Coleman*, supra, we noted that the movant was bound by his plea unless he could allege and prove "serious derelictions on the part of counsel sufficient to show that his plea was not a knowing and intelligent act." *Id.* From the record it is apparent that such was not the case here. Therefore, we cannot say that the ruling made by the trial court denying an evidentiary hearing was clearly erroneous, if erroneous at all. Rule 27.26(j), V.A.M.R.

Judgment affirmed.

CLEMENS, P. J., and SMITH, J., concur.