Bobby Lee GRIFFIN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 29795.

Missouri Court of Appeals,
Kansas City District.

Nov. 27, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 26, 1979.

Jerry W. Venters, Asst. Public Defender, Jefferson City, for movant-appellant.

John D. Ashcroft, Atty. Gen., Gregory W. Schroeder, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., DIXON and TURNAGE, JJ.

DIXON, Judge.

Movant appeals the denial of his 27.26 motion to vacate a guilty plea to the offense of second degree murder. The initial and dispository point on the appeal is the issue of whether the trial court erred in failing to make specific findings of fact and conclusions of law in denying the relief sought.

Movant raises complex factual issues concerning the voluntariness of his plea. The transcript of the evidentiary hearing includes 40 pages of the motion, itself, and 110 pages of transcript which cover the testimony of 7 witnesses, including the movant, and 18 exhibits. Among the many issues raised by the movant are allegations that he was deprived of communication with his lawyer, relatives, and friends; that the assistance of his attorney was inadequate, particularly in regard to a motion for a change of venue; that he was beaten and harassed by prison guards and threatened with bodily harm if he did not plead guilty; that prison officials promised him release from maximum security in exchange for a guilty plea; and that he was not competent to make a voluntary plea because of medication he was taking at the time of the plea. Movant, when questioned by the judge who heard his motion concerning the statements made at the guilty plea hearing, claimed they were induced by his attorneys who told him to "go along" with the questioning at the plea hearing.

The findings of fact and conclusions of law, omitting formal portions and dealing only with the findings of fact as they relate to the issues raised, are as follows:

"The testimony of the attorney representing the defendant at the time of trial showed that in April, 1968, the defendant was going to enter a plea of guilty and accept the recommendation of the prosecuting attorney of fifteen (15) years. The defendant at that time decided to hold out for a recommendation of ten (10) years. The prosecutor withdrew his offer of a recommendation of fifteen (15) years.

The defendant knew at that time that he would be held in "B Basement" until the time of his trial. By his own actions, his confinement in "B Basement" was extended another six (6) months.

If we accept the contention of the defendant that he would be released from "B Basement" upon the termination of these charges, he knew that on October 28th, the date of his plea, that his trial would be terminated by a verdict of the jury within a day or so.

The transcript of the proceedings at the time Griffin entered a plea of guilty clearly shows that his plea was voluntary and understandably and intelligently entered. It is also clear that his confinement in any particular place or conditions of confinement did not, in any way, influence his decision to plead guilty. By his own admissions, he admitted his guilt of the crime charged."

The single conclusion of law made is as follows:

"In order to prevail to set aside his sentence by way of invoking Supreme Court Rule No. 27.26, the burden of proof is on the Movant to prove his allegations. The Movant has failed to sustain this burden of proof."

The position of the movant is that the trial court is required to make findings of fact and conclusions of law when an evidentiary hearing is afforded. Rule 27.26(i); *Harris v. State,* 547 S.W.2d 519 (Mo.App. 1977); *Garrett v. State,* 528 S.W.2d 174 (Mo.App.1975). This position is reinforced by the recent case, *Fields v. State,* 572 S.W.2d 477 (Mo. banc 1978).

The State responds by arguing that the evidentiary hearing was unnecessary and that the gratuitous hearing afforded Griffin should not give rise to any claim by movant that the findings of fact and conclusions of law are inadequate. The State contends that, if the plea of guilty conclusively demonstrates that no facts were alleged which raise issues not refuted by the files and records in the case, then an evidentiary hearing is unnecessary. *Smith v. State,* 513 S.W.2d 407 (Mo. banc 1974), *cert. denied,* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975); *Hogshooter v. State,* 514 S.W.2d 109 (Mo.App.1974).

It is settled law that the entry of a guilty plea waives all error or claims of error except to the extent that the errors affect the voluntariness and understanding with which the plea was made.[1] *Matthews v. State,* 501 S.W.2d 44 (Mo.1973); *State v. Ward,* 563 S.W.2d 153 (Mo.App.1978); *Haliburton v. State,* 546 S.W.2d 771 (Mo.App. 1977).

What has been recited thus far does not, however, dispose of the contention made by the movant herein. The movant raised factual issues with respect to his state of mind at the time of his entry of the guilty plea which were not directly and unequivocally contradicted by the record made at the guilty plea. The trial judge made a commendable effort at the time of the entry of movant's guilty plea to ascertain whether he had been made any promises in exchange for his plea and to inform him that his plea must be a free and voluntary act on his own behalf. The difficulty in this case is that the movant indicates by his testimony that his statements to the court at the 27.26 evidentiary hearing, with respect to the

---

1. On direct appeal, of course, jurisdictional defects are not waived and may be noticed. *State v. Cody,* 525 S.W.2d 333 (Mo. banc 1975).

promises being made and to the beatings and threats which induced the plea, are contrary to statements made to the trial judge concerning the voluntariness of his plea. Thus, the guilty plea proceedings do show a recital of voluntariness and specifically refute the movant's claims as to drug use and promises of leniency. They do not refute the claims of brutality and threats inducing the plea.

The State attempts to avoid the allegations in the motion and the evidence offered by movant that he was beaten and harassed and threatened with bodily harm if he did not plead guilty, by asserting that these are within the "conditions of his incarceration." The State cites *Coleman v. State,* 473 S.W.2d 692 (Mo.1971), and *Ervin v. State,* 525 S.W.2d 381 (Mo.App.1975). These cases do hold that complaints about conditions of servitude do not support relief because dissatisfaction with those conditions and a desire on the part of the prisoner to enter a guilty plea to obtain a different kind of incarceration is not coercion. The rule stated in *Coleman, supra,* and *Ervin, supra,* does not reach the claim this movant makes—that he was specifically threatened with bodily harm if he did not plead guilty. If the State's position were right, that no conditions of any sort in a penal institution could affect the voluntariness of the plea, then almost any kind of brutal treatment by prison guards to induce a guilty plea could be hidden behind a facade of "conditions of incarceration." The State also cites *Woods v. State,* 564 S.W.2d 333 (Mo.App. 1978), which does seem to extend the rule of *Coleman, supra,* and *Ervin, supra,* to embrace brutal treatment. It cannot be determined from the opinion in *Woods* whether specific allegations were made concerning the coercing of the plea by threats of bodily harm. If there were such pleadings, it would appear that *Woods* extends the rule of *Coleman* and *Ervin* improperly. It is much more likely that *Woods* was dealing with a general allegation that the plea was offered to avoid the conditions of confinement which were characterized as brutal and inhumane by the motion, but which did not relate directly to the threat of bodily

harm if a plea was not entered. Absent some specific finding on the credibility issue, there is no basis for appellate review. If there had been a sufficient statement of findings of fact in this case with respect to the credibility of the evidence offered, it might well be that the trial court's conclusion of law, that the movant had failed to sustain his burden, would be a sufficient one for the disposition of the issues raised in this case. But unquestionably, it would have been far more suitable for the trial court to have addressed the specific issues as they are raised in the briefs here with respect to the voluntariness of the plea and the effect of the claimed irregularities upon the voluntariness of that plea. Thus, in the posture of this case, the State's reliance upon *Smith v. State, supra,* is misplaced; for here, there are allegations in the motion and evidence offered which are not refuted by the record in the guilty plea hearing. Thus, an evidentiary hearing was required; and when it is concluded that an evidentiary hearing is required, it is clear that the findings of fact in this case do not reach all of the issues presented by the motion and evidence.

The whole subject of review of 27.26 proceedings has been recently reexamined by the Supreme Court of Missouri. In *Fields v. State, supra,* the Supreme Court overruled *Smith v. State, supra.* In *Fields,* the court addressed itself to the problems of application which have occurred since *Smith.* According to the Supreme Court's opinion in *Fields,* by not *requiring* the appointment of counsel and the making of specific findings of fact and conclusions of law, the *Smith* opinion created more confusion than it resolved. The rationale of *Fields v. State, supra,* is that, in order to insure finality under the provisions of Rule 27.26(c) and 27.26(d), attorneys need to be appointed to aid 27.26 movants, and *specific* findings of fact and conclusions of law need to be made, whether or not an evidentiary hearing is held.

Also, in *David Ray Peterson v. State,* 572 S.W.2d 475 (Mo. banc 1978), the Supreme Court reversed a motion under Rule 27.26 because of the failure of the trial judge to require written waiver of the right to as-

sistance of counsel mandated by § 600.051 RSMo Supp.1976. In so ruling, the court quoted with approval *State v. Mills*, 521 S.W.2d 495 (Mo.App.1975), which noted that the practice of judicially determining the prejudicial effect of failure to follow the rule mandated by the statute is to allow the exceptions to become better known than the rule itself. What is apparent from these two decisions is a determination by the Supreme Court of this state that we should no longer seek to rationalize procedural errors by trial courts in the application of Rule 27.26 and its subparts; strict compliance with the provisions of that rule will promote its ameliorative and beneficial effects unfettered by the need for judicial declarations of prejudice or lack of prejudice when the rules are not followed. As the Supreme Court notes in its opinion, these changes will have the effect of expediting and making more manageable the appellate case load in this state.

Applying these principles to the instant case and to the issue it raises, the judgment of the trial court must be reversed and the cause remanded to the trial court with directions to the trial court to enter findings of fact and conclusions of law in accordance with Rule 27.26 to provide a record upon which meaningful appellate review may be based.

All concur.