John J. SIMON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31335.

Missouri Court of Appeals,
Western District.

July 8, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 4, 1980.

Application to Transfer Denied
Sept. 9, 1980.

Donald L. Cain, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

Appellant entered a voluntary plea of guilty to a reduced charge of murder in the second degree on April 7, 1975. On June 25, 1975, appellant filed a pro se motion pursuant to Rule 27.26 alleging his plea of guilty was involuntary because he had been coerced into pleading guilty in order to escape the custody of his jailers. He also alleges his guilty plea had been coerced by jail conditions. That motion was denied.

On June 25, 1979, appellant filed his second pro se motion pursuant to Rule 27.-26. In this motion, appellant sought to set aside his conviction and sentence. Counsel was appointed for appellant on June 27, 1979. Appellant alleged in his second motion that his guilty plea was involuntary and coerced by fear of injury due to the overcrowded jail conditions which caused inmates to be violent. He claimed that these conditions resulted in physical injury to him and that he feared further injury if he did not plead guilty.

On October 24, 1979, the circuit court dismissed appellant's motion without an evidentiary hearing. The circuit court's disposition was upon the record of the proceedings involving the entry of the guilty plea, which the trial court concluded refuted the allegations set forth in appellant's motion. The circuit court further concluded the law did not support appellant's theory seeking the vacating of his conviction and sentence.

Upon review of the record, this court has determined that the disposition of appellant's motion by the trial court was proper, and that the dismissal of said motion was not clearly erroneous and no error of law appeared. Appellant's plea was voluntary, and facts elicited by the trial court upon the entry of the guilty plea expressly and directly refute the factual allegations set forth in appellant's motion. No evidentiary hearing is required where the facts alleged are refuted by the court files and records of the case, see *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974), cert. denied, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975), and *Rice v. State*, 585 S.W.2d 488 (Mo. banc 1979).

That portion of appellant's allegations expressing dissatisfaction with the conditions of incarceration are refuted by his testimony upon the record of his guilty plea, but be that as it may, such allegations alone are not sufficient grounds for the

setting aside of an otherwise voluntary guilty plea, see *Woods v. State,* 564 S.W.2d 333 (Mo.App.1978); *Griffin v. State,* 578 S.W.2d 272 (Mo.App.1978); *Ervin v. State,* 525 S.W.2d 381 (Mo.App.1975); *Beach v. State,* 488 S.W.2d 652 (Mo.1972); *Jackson v. State,* 476 S.W.2d 598 (Mo.1972); *Coleman v. State,* 473 S.W.2d 692 (Mo.1971); *Collins v. State,* 450 S.W.2d 186 (Mo.1970); *Langdeau v. South Dakota,* 446 F.2d 507 (8th Cir. 1971); and *Verdon v. U. S.,* 296 F.2d 549 (8th Cir. 1961).

Because this court finds no error, it concludes that an extended opinion would have no precedential value. Accordingly, the judgment of the circuit court is in all respects affirmed by this memorandum opinion pursuant to Rule 84.16(b).

All concur.